# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL GUZMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:16-cv-0608-BAM<br><br>**ORDER ON PLAINTIFF'S<br>SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff Cheryl Guzman ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act, respectively. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

///

1

## BACKGROUND

On November 29, 2012, Plaintiff filed her current applications for DIB and SSI, alleging disability beginning November 18, 2011. AR 22. The Commissioner denied the applications initially and on reconsideration. AR 114-1, 121-25. Thereafter, Plaintiff requested a hearing before an ALJ which was held in Stockton, California on August 19, 2014. AR 49-75. At the hearing, Plaintiff, impartial vocational expert Robin Scher, and Laura Maher, the Plaintiff's friend appeared and testified. AR 50. On October 17, 2014, ALJ Daniel Heely denied Plaintiff's application. AR 22-37. The Appeals Council denied review on June 10, 2015, making the ALJ's decision final for judicial review. AR 1-7. This appeal followed.

### Relevant Medical Evidence

Plaintiff's disability application asserts that she is unable to work due to high blood pressure, anemia, arthritis in her back, scoliosis, sickle cell trait, angina of the heart, uterine fibroids, fatigue, and depression. AR 182. In August of 2013, eight months after filing her application for benefits, Plaintiff broke her leg. AR 30, 459. Plaintiff contends that the residual pain from her leg fracture and subsequent surgery additionally inhibit her ability to work. AR 57.

On May 8, 2013, consultative examining physician Roger Wagner, M.D., conducted a comprehensive internal medicine evaluation. AR 390–94. He found Plaintiff did not have any limitations in her abilities to sit, stand, or walk; did not require any assistive devices; had no limitations in lifting and/or carrying capacity; and had no manipulative or environmental limitations. AR 394. On examination, Dr. Wagner found that Plaintiff could easily get up and out of a chair; easily walk briskly; easily sit comfortably; easily get on and off of an examination table; easily bend from the waist; walk on her heels and toes; walk with a normal gait; had full (5/5) motor strength in her bi-lateral upper and lower extremities; had full ranges of motion in her lumber and cervical spine; and her diagnostic testing such as straight-leg raising, Romberg, and finger-to-nose testing were negative. AR 391–94.

On June 12, 2013, State agency reviewing physician Ernest Wong, M.D., reviewed the record and found that the evidence did not establish that Plaintiff had a severe impairment under the Act. AR 79–80.

In August of 2013, Plaintiff slipped in her garage and fractured her tibia and fibula. AR 57. Plaintiff underwent surgery and was instructed to attend physical therapy.

On September 24, 2013, Edgar Villanueva, PT, found Plaintiff had decreased range of motion in her ankle post leg fracture and tibia surgery. He described Plaintiff's ability to walk and climb stairs as severely impaired. AR 459. On November 4, 2013, PT Villanueva described Plaintiff's ability to walk and climb stairs as moderately impaired. AR 449.

On January 8, 2014, State agency reviewing physician Marcia Foster, M.D., reviewed the record and agreed with Dr. Wong that the evidence did demonstrate a severe impairment under the Act. AR 97–98.

On February 17, 2014, Plaintiff underwent an x-ray of her leg. AR 476. X-rays showed that there was a healing fracture of the tibial shaft but that complete healing had not taken place. AR 476. The remaining findings were unremarkable. AR 476.

On February 28, 2014, despite testifying that she has never had a driver's license and that she does not drive, Plaintiff applied for permanent disability license plates and parking placard. AR 483. Plaintiff's application was approved. AR 484.

On March 4, 2014, Nurse Practitioner Micheline Lurgerich provided a functional assessment. AR 477. Nurse Lurgerich opined that Plaintiff needs 100 percent assistance to walk with a cane or walker and was unable to walk without this assistance. AR 477. Nurse Lurgerich found Plaintiff's social functioning unaffected by her physical condition. AR 477. However, Plaintiff was unable to adapt to workplace stress due to her tibia fracture, which was not healing well. AR 477. Nurse Lurgerich opined that Plaintiff could not lift and/or carry any weight. AR 478. Plaintiff could not climb, stoop, kneel, crouch, and crawl. AR 478.

### **THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 22-37. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since November 18, 2011. AR 24. The ALJ identified degenerative disc disease of the spine, scoliosis, status post tibia and fibula open reduction internal fixation, status post heart catheterization, and obesity as severe impairments.

AR 25. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 27.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the following limitations: Plaintiff could sit, stand, and walk for a total of six hours each in an eight-hour workday with normal breaks; could lift and/or carry 50 pounds occasionally and 25 pounds frequently; could never climb ladders, ropes or scaffolds; could occasionally climb ramps or stairs; could never work around hazards like moving dangerous machinery or unprotected heights; and could not operate motor vehicles. AR 28. The ALJ subsequently found that Plaintiff could perform her past relevant work as an electronics mechanic and administrative clerk. AR 35. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 37.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

///

///

**DISABILITY STANDARD**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION[1]**

In her sole issue, Plaintiff argues that the ALJ failed to provide a germane reason for rejecting the limitations opined by her physical therapist, Edgar Villanueva. (Doc. 18 a 7-11).

**1. Background**

After slipping and falling in her garage, Plaintiff underwent surgery for a left leg tibia/fibula fracture in August of 2013. AR 30. Following her surgery, Plaintiff was approved for rehabilitation services from September 13, 2013 to December 13, 2013 to address the decreased motion and strength in her left ankle. AR 30.

On September 24, 2013, Plaintiff visited physical therapist Edgar Villanueva. AR 59. On her first visit post–surgery, PT Villanueva noted that Plaintiff had decreased motion and strength in her ankle. AR 459. Plaintiff's ability to walk was moderately to severely limited and Plaintiff was severely limited in her ability to walk on stairs. AR 459. On a scale of one to ten, Plaintiff described her pain as a 4 at best and a 7 at worst. AR 459.

A little over a month later, on November 4, 2013, PT Villanueva provided another progress note. AR 449. After weekly physical therapy sessions, Plaintiff was noted as slowly making progress

---

[1] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

but still experiencing pain. AR 449. Plaintiff's ability to walk and use stairs was noted as moderately limited. AR 449. Plaintiff still had reduced dori-flexion, inversion, eversion and gross strength. AR 449. PT Villanueva also noted that Plaintiff had stopped using a front wheel walker and stated that Plaintiff should be able to return to her activities in three months. AR 450. PT Villanueva also stated that Plaintiff's range of motion was expected to return to normal limits within 4 weeks; good balance would return in 6 weeks; and her strength was expected to return to normal limits within 4 weeks. AR 32, 450. Additionally, PT Villanueva expected Plaintiff's gait to normalize at all speeds (walking, jogging, and running) in 3 months. AR 32, 450.

In weighing the evidence from Plaintiff's physical therapist, the ALJ collectively assigned partial weight to PT Villanueva's statements. The ALJ first gave "substantial weight" to PT Villanueva's recovery goals and predictions because they were based on personal observations and more accurately reflect Plaintiff's long-term functional abilities. AR 32. The ALJ, however, gave "little weight" to the limitations assigned by Dr. Villanueva as to Plaintiff's "moderate to severely limited" stair climbing and walking because those findings were made immediately after Plaintiff's surgery and not reflective of her current improvements and increased activities as noted throughout the record and during the administrative hearing. AR 32.

### 2. Legal Standard

Medical sources of evidence are generally divided between "acceptable medical sources" and "other sources." The ALJ cannot discount the testimony of an "acceptable medical source" without "provid[ing] specific, legitimate reasons based on substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). However, physical therapists are generally treated as "other sources" rather than "acceptable medical sources." *See* 20 C.F.R. § 416.913(d). Opinions from "other sources" can be afforded "less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. §§ 416.913(a)(1-5), as recognized in *Boyd v. Colvin*, 524 F. App'x 334, 336 (9th Cir. 2013) (citation omitted). Thus, an ALJ may discount the opinion of a physical therapist if the ALJ gives reasons germane to the witness. *Molina*, 674 F.3d at 1111.

A physical therapist's opinion in a disability benefits proceeding "is valuable only to the extent that it is supported by medical evidence." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984), citing *Sample v. Schweiker*, 694 F.2d 639, 643–44 (9th Cir.1982). An ALJ may discount a physical therapist's opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 601–02 (9th Cir. 1999). Additionally, an ALJ need not accept opinions that are brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Nevertheless, the opinion of a physical therapist is important and should be evaluated along with the other relevant evidence in a claimant's file. *Molina*, 674 F.3d at 1112.

### 3. Analysis

As noted above, the ALJ gave "partial weight" to PT Villanueva's findings. AR 32. This was due, in part, because PT Villanueva's walking and standing limitations, given immediately after Plaintiff's surgery, were inconsistent with Plaintiff's daily activities. AR 32. As noted by the ALJ, Plaintiff's reported activities included preparing and selling tamales for extra money, shopping, completing household chores, volunteering to do laundry at her church, exercise, and attending three-hour church services every week. AR 26–27, 33, 55–56, 62–65, 240, 266–70. The ALJ permissibly found that PT Villanueva's walking and standing limitations were inconsistent with these daily activities. This was a germane reason to discount PT Villanueva's statements. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (citing activities inconsistent with a lay opinion is a germane reason to discount the opinion).

Additionally, the ALJ found that PT Villanueva's opinion was inconsistent with the more recent medical evidence in the record. AR 32. The ALJ gave several explanations for this rational including that PT Villanueva opined that over a short period of time Plaintiff's functioning, including her ranges of motion, balance, strength, and gait, were projected return to normal. AR 32, 450. Contrary to Plaintiff's argument, the ALJ did not rely on these predictions alone. The ALJ noted that PT Villanueva's positive prognosis for Plaintiff's recovery was corroborated by Plaintiff's treatment records which revealed consistent improvement. AR 31–32. For example, although immediately following her surgery PT Villanueva described Plaintiff's walking and stair-climbing limitations as

"severe," just two months later, in November 2013; he downgraded those limitations to "moderate." AR 32, 449, 459. Also, when Plaintiff began physical therapy, she was using a front wheel walker ("FWW"), but PT Villanueva noted she was no longer using it in November 2013. AR 450. The ALJ also found that while Plaintiff needed a walking boot following her surgery, by the August 2014 hearing, he observed that Plaintiff no longer used a walking boot. AR 32. It was germane for the ALJ to accord only partial weight to PT Villanueva's statements as they were inconsistent with the overall longitudinal record. *See Bayliss*, 427 F.3d at 1218 (citing inconsistent medical evidence is a germane reason to discount a lay opinion).

Ultimately, the ALJ's decision to give PT Villanueva's opinion partial weight was not error. As described above, the ALJ gave various germane reasons for discounting PT Villanueva's opinion, and those reasons are supported by the record. *See Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Finally, to the extent that Plaintiff generally argues that her RFC was not supported by substantial evidence because the ALJ failed to adopt the limitations opined by her physical therapist, her argument likewise fails. Because the Court rejects Plaintiff's arguments that the ALJ's opinion was otherwise in error, so too does it reject Plaintiff's argument that the RFC was not supported by substantial evidence.

Accordingly, this issue does not warrant remand or reversal.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff, Cheryl Guzman.

IT IS SO ORDERED.

Dated: **September 25, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE